UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,

    Plaintiff,

v.                                Case No. 3:18cv2161-MCR-CJK

OFFICER BRAVE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2).* Upon review of the complaint, the undersigned recommends that this case be dismissed without prejudice, based on venue considerations.

Plaintiff is a detainee confined at the Glades County Detention Center ("GCDC") in Moore Haven, Florida. Plaintiff's complaint names Brave, an officer at the Broward County Detention Center in Pompano Beach, Florida, as the sole defendant. The complaint alleges plaintiff has been mistreated, presumably at

---

* Since December 18, 2017, plaintiff has filed 65 cases in the Northern District of Florida. Sixty-one of those cases have been dismissed before service on a defendant. The remaining four cases, including this one, were filed on October 15, 2018.

GCDC, in violation of the Universal Declaration of Human Rights. As relief, she seeks $1 million in damages.

> Venue for this action is governed by 28 U.S.C. § 1391(b), which provides:
>
> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. *See Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 467 (1962); *World Holdings, LLC v. Federal Republic of Germany*, 2009 WL 10664174 at *2 (S.D. Fla. May 22, 2009) (*citing Davis v. Am. Society of Civil Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)). Nonetheless, as the statute provides, a court in its sound discretion may dismiss the case rather than transfer it. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 578 (7th Cir. 1989).

This judicial district has no relation to the litigation at issue. The events underlying this action presumably arose in Glades County, Florida, which is located in the Middle District of Florida. The defendant allegedly resides in the Southern District of Florida. Hence, all parties reside, and all factual allegations take place, outside the Northern District. Neither the private interests of the litigants nor the public interest in the administration of justice are even minimally advanced by venue being maintained in this district. Thus, the court should exercise its discretion under 28 U.S.C. § 1406(a) to dismiss plaintiff's case without prejudice. Should plaintiff remain interested in continuing to litigate her case, she should file a new cause of action in the appropriate district and division.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1406(a).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.